■ In the Matter of the Estate of KATHERINE V. BRADY, Deceased. HENRY J. ROBINSON, Respondent-Appellant; EDWARD J. WALSH et al., Appellants-Respondents; LITTLE SISTERS OF THE POOR et al., Respondents.— In a proceeding to probate as the decedent's will an instrument dated November 26, 1968, (1) the contestants appeal from so much of an order of the Surrogate's Court, Kings County, dated May 20, 1971, as in part granted the proponent's motion for summary judgment, i.e., as to the objections of improper execution, undue influence and fraud; and (2) the proponent cross-appeals from so much of the order as denied the motion as to the objection of lack of testamentary capacity. Order modified by adding thereto a provision that the proponent's motion is also denied as to the objections of improper execution and undue influence and that a trial of those issues together with the issue of testamentary capacity shall proceed forthwith. As so modified, order affirmed, with $10 costs and disbursements to appellants-respondents against respondent-appellant personally. In our opinion, the proponent has failed to meet his burden of establishing the nonexistence of any triable issue of fact, except as to the objection of fraud (CPLR 3212, subd. [b]), and the record indicates that some of the proffered objections which are herein directed to be tried may be valid. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of HAROLD EWEN, as President of Plainedge Federation of Teachers, et al., Appellants, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 18 OF PLAINEDGE, TOWN OF OYSTER BAY, Respondent.— In a proceeding pursuant to article 78 of the CPLR to compel respondent to grant sabbatical leaves to its staff members, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered September 29, 1971, which dismissed the proceeding. Judgment affirmed, without costs. In our opinion, the collective bargaining agreement between petitioner Federation of Teachers and respondent Board of Education did not create a contractual obligation on the part of the latter to grant any sabbatical leave to the members of the former. Hence, whether section 82 of the Civil Service Law does not prohibit the granting of the summer sabbatical leave for which petitioner Zellan was recommended by the Board's Superintendent cannot affect the judgment at bar, for petitioners may not obtain judicial relief directing the board to grant a benefit to which petitioners have not shown a legal right. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur. [67 Misc 2d 558.]